**STATE, Appellee, v. PARKER, Appellant.**

Ohio Appeals, First District, Hamilton County

No. 6545. Decided October 15, 1945.

Robert J. Paul, Cincinnati, for Appellee.
Lawrence B. Swartz, Cincinnati, for Appellant.

## OPINION

By ROSS, J.

The Common Pleas Court of Hamilton County affirmed

a judgment and sentence of the Municipal Court of Cincinnati. From such judgment of affirmance, the defendant has taken an appeal on questions of law and fact to this Court.

No appeal on law and fact is or was provided under the Constitution of Ohio from a judgment of the Court of Common Pleas in a matter before that court upon review from the Municipal Court of Cincinnati. The appeal is, therefore, reduced to an appeal on questions of law only.

Reference to the docket and journal entries of the Municipal Court of Cincinnati develops that trial was had in that court on August 16, 1944, upon an affidavit charging the defendant with malicious destruction of property "(under $100.00)." Such trial resulted in a judgment and sentence of $500.00 fine. In the affidavit upon which trial was had the defendant is charged with having maliciously destroyed "clothing of the value of $499.00 dollars."

On August 17, 1944 a motion for new trial was filed and granted on December 15, 1944. On the same day, it appears from such transcript of docket and journal entries, that trial was again had upon the same affidavit, no other having been filed, and the defendant was found guilty and sentenced to pay a fine of $200.00, after motion for new trial was overruled. Notice of appeal was filed from such judgment to the Court of Common Pleas of Hamilton County.

From the Bill of Exceptions, it appears that trial was had on the "9th day of August, 1944," upon the affidavit. Then follows a narrative statement of the testimony of witnesses for prosecution and defendant. The Bill of Exceptions closes with the following:

"The prosecution and counsel for defendant then presented their respective arguments and the Court found the defendant guilty of the charge and said it was finding the value of the goods to be under One Hundred ($100.00) Dollars, and fined the defendant Five Hundred ($500.00) Dollars and costs of Court.

"Within three (3) days the defendant filed a motion for new trial in the cause, and the Court, upon hearing same on December 15th, 1944, granted same and said it had heard all the evidence in the case and was finding the defendant guilty as charged and the value of the goods to be less than One Hundred ($100.00) Dollars and fined defendant Two Hundred ($200.00) Dollars and costs. On the 16th day of

December, 1944 defendant filed another motion for new trial in the cause, and the Court, upon hearing same on December 22, 1944, overruled same, from which ruling defendant prosecutes his appeal."

The trial court having granted the defendant a new trial was bound to rehear the entire case. The proceedings after the granting of the motion for new trial were evidently considered by the trial court as a hearing for resentence. Such could not be the case after a new trial was granted.

The effect of granting a new trial was to place the defendant back in the position he had before the first trial. No new evidence was introduced by the prosecution and there was, therefore, nothing upon which to predicate a sentence by the Court. The memory of the Court as to what had occurred on the first trial could not take the place of evidence at the second trial. While no objection upon the part of the defendant appears in the record, there was as far as the record shows nothing he could object to until he was again sentenced, upon which he filed again a motion for new trial, addressed largely to the summary action of the Court in refusing him a **new** trial.

In addition to this, the Court found in the second judgment the value of the goods destroyed to be under $100.00 There appears no basis in the record for such finding. In fact there was no evidence of value or any other element of the prosecution's case given after the court granted the first motion for new trial.

However, even if all this unwarranted summary proceeding be ignored, there is still a stronger reason why the judgment of both the Common Pleas Court and the Municipal Court of Cincinnati must be reversed.

The only affidavit filed in the proceeding charged the defendant with the malicious destruction of property of the value of $499.00.

Sec. 12477 GC provides:

"Whoever maliciously destroys or injures property not his own, if the value of the property destroyed, or the injury done is one hundred dollars or more, shall be imprisoned in the penitentiary not less than one year nor more than seven years, or, if the value is less than that sum, shall be fined

not more than five hundred dollars or imprisoned not more than thirty days or both."

Sec. 12477 GC provides:

"Offenses which may be punished by death, or by imprisonment in the penitentiary, are felonies; all other offenses are misdemeanors."

Sec. 1558-8 GC provides:

"The municipal court shall have jurisdiction of all misdemeanors and of all violations of city ordinances of which police courts in municipalities now have or may hereafter be given jurisdiction. In felonies the municipal court shall have the powers which police courts in municipalities now have or may hereafter be given."

Sec. 4583 GC is as follows:

"In felonies committed in the county, the court shall have the powers of a justice of the peace to hear the case, and discharge, recognize or commit. If upon such hearing the court is of the opinion that the offense is only a misdemeanor and that the court may entertain jurisdiction of it under the preceding section, a plea of guilty of such misdemeanor may be received, and sentence and judgment pronounced. If in such case the accused decline to enter such plea, the court, without discharging the accused shall cause the prosecuting attorney to immediately file in the court an information against the accused for such misdemeanor, on which charge he shall be tried in that court, after an entry has been made discharging him of the felony."

Under §13422-2 GC Justices of the Peace in cases of felonies have only power to discharge or recognize the defendant to appear before the proper court. They have no final jurisdiction in such case, or any power to impose any sentence.

As will be noted from the provisions of 4583 GC, supra, the police court is given power, when upon hearing it appears the offense is only a misdemeanor, and the defendant refuses to plead guilty to such misdemeanor, to "cause the prosecuting attorney to immediately file in the court

an information against the accused for such misdemeanor **on which charge** he shall be tried in that court, **after an** entry has been made discharging him of the felony." (Emphasis added.)

Now in the instant case, no new affidavit was filed, no new charge of a misdemeanor presented, and no entry discharging the defendant of a felony made, **before** the second trial, or in fact at any time. The trial court, therefore, had no jurisdiction to pronounce any sentence upon the affidavit which still constituted the basis of the second trial.

For these reasons, the judgments of the Court of Common Pleas and Municipal Court are reversed and the cause remanded to the Municipal Court of Cincinnati, through the Court of Common Pleas of Hamilton County, for further proceedings according to law.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion and judgment.